GARY M. RESTAINO
United States Attorney
District of Arizona
KEVIN D. SCHIFF
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: Kevin.Schiff@usdoj.gov
Attorneys for Plaintiff

☒ FILED   ☐ LODGED

**Apr 17 2024**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States America, | No. CR 22-00596-TUC-JGZ (MAA) |
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| Luis Fernando Cruz-Valenzuela, | |
| Defendant. | |

The United States of America and the defendant agree to the following disposition of this matter:

## PLEA

The defendant agrees to plead guilty to Count 16 of the Superseding Indictment charging the defendant with a violation of 18 U.S.C. §§ 554(a), Attempted Smuggling Goods from the United States, a felony. The remaining counts of the Superseding Indictment as to this defendant will be dismissed at the time of sentencing. The defendant agrees not to contest the Forfeiture Allegation in the Superseding Indictment.

## ELEMENTS OF THE OFFENSE AND SENTENCING FACTOR

1.     The defendant knowingly attempted to export and send from the United States any merchandise, article, or object; and

2.     The exportation and sending was contrary to the laws of the United States; and

KD > RR
L C

Contrary to

3.    The defendant knew the exportation and sending was ~~contract~~ to law or regulation; and

4.    The Defendant did something that was a substantial step towards committing the crime.

### Maximum Penalties

A violation of 18 U.S.C. §§ 554(a) is punishable by a maximum fine of $250,000, or a maximum term of imprisonment of ten (10) years, or both, plus a term of supervised release of three years and a special assessment of $100; the special assessment is due and payable at the time the defendant enters the plea of guilty, and must be paid by the time of sentencing unless the defendant is indigent.  If the defendant is indigent, the special assessment will be collected according to Title 18, United States Code, Chapters 227 and 229.

The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence.  However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

### Immigration Consequences

The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty.  Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States.  The defendant agrees that the defendant has discussed this eventuality with their attorney.  The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is the defendant's automatic

removal from the United States.

AGREEMENTS REGARDING SENTENCE

1.    Stipulations regarding sentencing. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that:

a.    Any prison sentence shall not exceed the low-end of the final advisory Sentencing Guidelines Range;

b.    The parties stipulate and agree that the following, non-exclusive list of guideline calculations apply the charge to which the defendant is pleading guilty:

Base Offense Level (USSG § 2M5.2(a)(1))            26

Organizer/Leader (USSG § 3B1.1(c))                +2

c.    The defendant agrees not to seek any other adjustments in Chapters Two, Three or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines. The defendant acknowledges that if the defendant seeks any such adjustment or departure.

d.    Nothing in this agreement precludes the defendant from asking for a variance from the final advisory Sentencing Guidelines Range.

2.    Recommendation: Acceptance of Responsibility. Pursuant to Fed. R. Crim. P. 11(c)(1)(B), if the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Guidelines sentencing offense level pursuant to U.S.S.G.§ 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

3.    Non-Binding Recommendations. The defendant understands that recommendations under Fed. R. Crim. P. 11(c)(1)(B) are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the

- 3 -

guilty plea if the Court does not follow a recommendation.

4.    Assets and Financial Responsibility.    The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest.    The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures).    The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.    The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Program, for any purpose.    Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

5.    The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked.    Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve a term of imprisonment or the defendant's sentence may otherwise be altered.

6.    The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

7.    The defendant understands and agrees to cooperate fully with the United States Probation Office in providing (a) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (b) all financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution; (c) all history of drug abuse which would warrant a treatment condition as

- 4 -

part of sentencing; and (d) all history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

8.      If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement pursuant to Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw defendant's guilty plea.

<u>Forfeiture, Civil, and Administrative Proceedings</u>

a.      The defendant, Luis Fernando Cruz Valenzuela, knowingly and voluntarily agrees to forfeit all right, title, and interest in one Glock model 17 9mm caliber pistol, bearing serial number BWFB398; one Glock model 19 9mm caliber pistol, bearing serial number BVHA607; six 9mm caliber magazines; and two .40 caliber magazines (hereinafter the "Seized Firearms and Magazines")

b.      Defendant admits that he sold or deposited with a third party, or placed beyond the jurisdiction of the court and therefore are no longer available for forfeiture the following firearms (hereinafter "Firearms Not Seized"):

| Line # | Asset Description | Serial Number | Price |
|--------|-------------------|---------------|-------|
| 1 | Century Arms VSKA 7.62 rifle | SV7095318 | $849.00 |
| 2 | Canik METE SFT 9mm pistol | 21CC19188 | $475.00 |
| 3 | Smith & Wesson M&P15 5.56 rifle | TT78139 | $739.98 |
| 4 | Kaleshnikov USA KR103 7.62 rifle | K3R0007046 | $1,249.99 |
| 5 | Century Arms VSKA 7.62 rifle | SV7105203 | $859.00 |
| 6 | Glock, model 23 Gen 5, .40 cal pistol | BVCZ355 | $629.99 |
| 7 | Glock, model 22 Gen 5, .40 caliber pistol | BVVD148 | $559.00 |

| 8 | Glock, model 23 Gen 5, .40 cal pistol | BVVH349 | $549.00 |
|---|---|---|---|
| 9 | Glock 17 Gen 5 9mm caliber pistol | BUXX254 | $579.99 |
| 10 | Glock 17 Gen 5 9mm caliber pistol | ABPV834 | $549.86 |
| 11 | Glock 17 Gen 5 9mm caliber pistol | BFLC581 | $578.99 |
| 12 | Glock 22 Gen 5 .40 caliber pistol | BUCS574 | $559.00 |
| 13 | Glock 22 .40 caliber pistol | BUSD451 | $549.99 |
| | | **Total** | **8,728.79** |

c.      Further, defendant admits that the government can prove the total value of the Firearms Not Seized amount to $8,728.79 in U.S. currency.

d.      The defendant further admits that the Seized Firearms and Magazines and Firearms Not Seized represent property involved in the commission of the offense for which the defendant is pleading guilty, and are therefore forfeitable pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

e.      The defendant admits that the Firearms Not Seized have been transferred, sold to, or deposited with a third party, or placed beyond the jurisdiction of the court and are no longer available for forfeiture as described in Title 21, United States Code, Section 853(p)(1).

f.      The defendant knowingly and voluntarily agrees to the entry of a judgment and agrees to pay and forfeit the amount of $8,728.79 in United States currency, as a substitute asset in lieu of, and in satisfaction of, the forfeiture of the Firearms Not Seized. This being in accordance with Title 21, United States Code, Section 853(p)(2), as incorporated by Title 28, United States Code, Section 2461(c).

g.      The defendant agrees to pay in full $8,728.79 in United States currency, via cashier's checks in consecutive monthly installments, made payable to the United States Marshals Service, Sandra O'Connor Courthouse, Suite 270, Attention: AFU, 401 W.

Washington St., SPC-64, Phoenix, Arizona 85003-2159.

h.     In the event that the defendant does not remit the cashier's checks totaling the amount of $8,728.79 in United States currency to the government, the defendant knowingly and voluntarily agrees, that pursuant to Tile 21, United States Code, Section 853(p), the United States will seek forfeiture of any other property of said defendant, up to the value of the Firearms Not Seized ($8,728.79 in United States currency), including but not limited to all property, both real and personal, owned by the defendant.

i.     The defendant acknowledges that failure to pay on or satisfy the $8,728.79 in United States currency judgment could allow for referral of the debt to the United States Department of Treasury for the purpose of collecting debts through the Treasury Offset Program. Under this program, the Department of Treasury will reduce or withhold any eligible Federal payments by the amount of the debt. This "offset" process is authorized by the Debt Collection Act of 1982, as amended by the Debt Collection Improvement Act of 1996 and the Internal Revenue Code.

j.     The defendant knowingly and voluntarily agrees to consent to the entry of orders of forfeiture for the Seized Firearms and Magazines, Firearms Not Seized, or any assets that are related to satisfying the $8,728.79 in United States currency, or any other assets, or seized property that are related to satisfying the forfeiture, covered by this agreement. The defendant waives the requirements of Federal Rules of Criminal Procedure, Rule 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

k.     The defendant knowingly and voluntarily agrees to waive all interest in the Seized Firearms and Magazines, Firearms Not Seized, and other property that may be seized in this case, in any administrative, civil or criminal judicial proceeding, whether state or federal, which may be initiated.

l.     The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the

- 7 -

time his guilty plea is accepted.

m.    The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, any jeopardy defense or claim of double jeopardy, or any other means), and knowingly and voluntarily agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or punishment, to any forfeiture carried out in accordance with this plea agreement on any grounds.

n.    The defendant knowingly and voluntarily waives agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with any seizure or forfeiture of the assets, or forfeiture of any other property that is related to satisfying the $8,728.79 in United States currency, covered by this agreement.

o.    The defendant knowingly and voluntarily agrees and understands that the forfeiture of the assets carried out in accordance with this plea agreement including any payment made by the defendant to satisfy the $8,728.79 in United States currency, shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

p.    The defendant agrees that the forfeiture provisions of this agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding on defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment, is collected in full.

Waiver of Defenses and Appeal Rights

Provided the defendant receives a sentence consistent with this agreement that does not exceed the statutory maximum or any stipulated sentence, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant

- 8 -

could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentencing-including the manner in which the sentence is determined, and any sentencing guideline determinations. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging the defendant's conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, the defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether the defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

## Reinstitution of Prosecution

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by the defendant after the date of this agreement. In addition, if the defendant commits any criminal offense between the date of this agreement and the date of sentencing, the government will have the right to withdraw from this agreement. Any information, statements, documents and evidence which the defendant provides to the

United States pursuant to this agreement may be used against the defendant in all such proceedings.

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that were dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. The defendant agrees that the stipulations set forth under "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

### Plea Addendum

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

### WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions. I agree that any potential sentence referred to herein or discussed with my attorney is not binding on the Court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

<u>Factual Basis and Relevant Conduct</u>

I further agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove the elements of the offense beyond a reasonable doubt, but this is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct:

On or between December 15, 2021 and March 1, 2022, in the District of Arizona, I, Luis Fernando Cruz-Valenzuela, knowingly attempted to export and send from the United States to the Republic Mexico firearms and magazines, including: two Century Arms VSKA 7.62 rifles, one Canik METE SFT 9mm pistol, one Smith & Wesson M&P 15 5 .56 rifle, one Kaleshnikov USA KR1 03 7.62 caliber rifle, one Glock model 17 9mm caliber pistol, three Glock model 17 Gen 5 9mm caliber pistols, one Glock model 19 9mm caliber pistol, one Glock model 22 .40 caliber pistol, two Glock model 22 Gen 5 .40 caliber pistols, two Glock model 23 Gen 5 .40

caliber pistols, six 9mm caliber magazines, two .40 caliber magazines. I knew exporting and sending these firearms and magazines from the United States to the Republic of Mexico was contrary to law and regulation and I lacked any licensing or legal permission to export or send these items.

From December 2021 through March 2022, I helped coordinate the purchase of the above listed guns and ~~ammunition~~ from various firearms retailers. The firearms and magazines were then provided to a third party with the intention they be exported and sent to the Republic of Mexico in exchange for monetary compensation. — Magazines      - KDS PR L.C

4/17/2024
Date

_____
Luis Fernando Cruz-Valenzuela
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

4/17/2024
Date

_____
Ron Reyna
Attorney for Defendant

## GOVERNMENT'S APPROVAL

- 12 -

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

*K Schiff*

Digitally signed by KEVIN SCHIFF
Date: 2024.04.16 08:56:24 -07'00'

Date

Kevin D. Schiff
Assistant U.S. Attorney

- 13 -